**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY
(609) 989-2182

| | |
|---|---|
| CHAMBERS OF<br>FREDA L. WOLFSON<br>CHIEF JUDGE | Clarkson S. Fisher Federal<br>Building & U.S. Courthouse<br>402 East State Street<br>Trenton, New Jersey 08608 |

**LETTER ORDER**

September 28, 2020

Danny Charles Lallis, Esq.
Pisciotti Malsch
30 Columbia Turnpike
Suite 205
Florham Park, NJ 107932

Michael Exra Vomacka, Esq.
New Jersey Office of the Attorney General
25 Market St.
PO Bo 112
Trenton, NJ 08625

        RE:   *Franklin Armory v. State of New Jersey*
                    Civil Action No.: 19-19323 (FLW)

Counsel:

    Before me is a motion by defendants the State of New Jersey, the New Jersey State Police (the "State Police"), Patrick A. Callahan (in his capacity as Superintendent of the State of New Jersey Police) ("Callahan"), the Attorney General of the State of New Jersey, Gurbir Grewal (in his official capacity as Attorney General), and the New Jersey Department of Law and Public Safety (the "Department of Law") (collectively, "Defendants") to dismiss plaintiff Franklin Amory, Inc.'s ("Franklin Armory" or "Plaintiff") Complaint for failure to state a claim under Fed. R. Civ. P12(b)(6). Plaintiff, a licensed firearm manufacturer, alleges, *inter alia*, that Defendants violated its Second and Fourteenth Amendment rights by precluding Plaintiff from selling the

Reformation, one of the firearms Plaintiff manufactures, to federally licensed firearm retailers in the State of New Jersey. For the reasons set forth below, because I question whether Plaintiff's constitutional claims are ripe for litigation, the parties are directed to submit supplemental briefing addressing the ripeness of Plaintiff's claims and, correspondingly, what procedures exist for an out-of-state firearm manufacturer to obtain a formal opinion on the legality of selling a particular firearm in New Jersey, and the mechanism for appealing such an opinion, if any.

Plaintiff alleges that in April 2019 it sought to sell the Reformation, a "novel" firearm, which, in its view, does not constitute either a shotgun or a rifle under New Jersey law, to New Jersey licensed firearms retailers in the state. Comp. ¶¶ 26-27. At the State Police's request, Franklin Armory submitted a letter to the State Police describing the Reformation's characteristics in order for the State Police to assess the firearm's legality. *Id*. at ¶30. Initially, the State Police purportedly informed Plaintiff that the Reformation was legal under New Jersey law; however, the State Police representative also allegedly expressed his concern that law enforcement might mistake the Reformation for an "assault weapon" or a "sawed-off-shotgun," both of which are prohibited in this state. *Id*. ¶ 33. Accordingly, Plaintiff was directed, and agreed, to refrain from selling the Reformation in New Jersey until it received a "legal opinion" from the Office of the Attorney General. *Id*. at ¶¶ 333,35. On July 17, 2019 On July 17, 2019, the New Jersey State Police – not the Attorney General – informed Franklin Armory, via letter, that the Firearms Investigation Unit had concluded that the Reformation was a shotgun within the meaning of N.J. Stat. Ann. 2C:39-1.n, because "the barrels are not rifled, the firearms are designed to fire from the shoulder, and the firearms fire a single projectile for each pull of the trigger." *See* ECF No. 11-3,

Certification of Michael Vomacka ("Vomacka Cert."), Ex. A, July 17, 2019 Letter (the "Letter").[1] Importantly, the Letter further provided that it was "not intended as legal advice but [was] offered for informational purposes only," and encouraged Franklin Armory to "consult a licensed attorney in the State of New Jersey for legal advice regarding firearms and firearms sales in New Jersey." *Id*.

Plaintiff alleges that the Letter forms the basis of its injuries because it precludes Franklin Armory from selling a legal firearm, and it also caused a firearms retailer to rescind its offer to purchase the Reformation, giving rise to a Second Amendment violation. However, the Letter appears to be an informal opinion letter, that does not constitute a final determination by the Sate of New Jersey, regarding whether Plaintiff can, in fact, sell the Reformation in New Jersey. Indeed, Defendants take the position that the Letter was merely "informational." In that regard, the parties have not addressed the precise procedures, by which an out-of-state firearm manufacturer may seek to ascertain the legality of a particular firearm before selling in the state, and how that decision may be appealed, if possible. Without the benefit of the parties' arguments with regard to the relevant procedures, the Court cannot determine whether the State has, in fact, definitively restrained Plaintiff from selling the Reformation. The answer to this question bears relevance to the ripeness of Plaintiff's claims.

---

[1] Defendants submitted the New Jersey State Police's July 17, 2019 letter as an exhibit to their motion papers, and the Court may consider the exhibit because the Complaint specifically references the document and it forms the basis of Plaintiff's claims. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case."); *In re Donald J. Trump Casino Sec. Litig.-Taj Mahal Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

On this motion, Defendants have not challenged the ripeness of Plaintiff's claims, but, that does not strip the Court of its independent obligation to assess the existence of subject matter jurisdiction.[2]  Indeed, both the Third Circuit and the Supreme Court have advised that courts may raise the issue of ripeness *sua sponte*.  *See e.g., Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) ("[T]he question of ripeness may be considered on a court's own motion."); *Peachlum v. City of York, Pa.*, 333 F.3d 429, 433 (3d Cir. 2003) ("[C]onsiderations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte* even though the parties do not.").  Under the Declaratory Judgment Act, a party seeking declaratory judgment, which Plaintiff has in this case, must demonstrate the existence of an actual case or controversy.  28 U.S.C. §2201("In a case of actual controversy within its jurisdiction ... any court of the United States, upon filing an appropriate pleading, may declare the rights and other legal relations of any

---

[2]  The ripeness inquiry could also be viewed as one of standing and whether Plaintiff has pled a concrete injury in fact.  Standing, like ripeness is derived from Article III's case and controversy requirement, and the Third Circuit has explained, where a plaintiff brings "a pre-enforcement action," such as this one, the question of ripeness "can equally be described in terms of standing." *Plains All Am. Pipeline L.P. v. Cook,* 866 F.3d 534, 539 (3d Cir. 2017); *see also MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 128 n. 8 (2007) (observing that "[t]he justiciability problem that arises, when the party seeking declaratory relief is himself preventing the complained-of injury from occurring, can be described in terms of standing ... or in terms of ripeness."); *Free Speech Coal., Inc. v. Att'y Gen. of United States*, 825 F.3d 149, 167 n.15 (3d Cir. 2016) ("[W]hether Plaintiffs have standing or their claims are ripe ... both turn on whether the threat of future harm ... is sufficiently immediate to constitute a cognizable injury." (alteration in original)); *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994) ("It is sometimes argued that standing is about *who* can sue while ripeness is about *when* they can sue, though it is of course true that if no injury has occurred, the plaintiff can be told either that *she* cannot sue, or that she cannot sue *yet*." (emphasis in original)(internal quotation marks omitted)). Ultimately, the question to be determined is whether Plaintiff has adequately alleged the existence of a justiciable case or controversy, or whether Plaintiff's claim is premature*. ASAH v. New Jersey Dep't of Educ.,* 330 F. Supp. 3d 975, 1002 (D.N.J. 2018) (addressing plaintiffs' standing and ripeness simultaneously "[b]ecause Plaintiffs' standing and ripeness arguments boil down to the same question in this case"); *New Jersey Civil Justice Inst. v. Grewal*, No. 19-17518, 2020 WL 4188129, at *6 (D.N.J. July 21, 2020) (explaining that ripeness and standing are intertwined in a pre enforcement action seeking declaratory relief, "since the key inquiry is the likelihood of future harm").

interested party seeking such declaration."); *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993).  A federal court's subject matter jurisdiction is also premised the existence of a case or controversy.  *See* U.S. Const. Art. III, § 2 (confining the scope of federal judicial power to the adjudication of "cases" or "controversies").  In that connection, ripeness is a jurisdictional inquiry, rooted in both the case or controversy requirement of our Constitution's Article III and judge-made prudential limitations on the exercise of judicial authority.  Accordingly, I am required to resolve that jurisdictional inquiry before addressing the substance of Defendants' claims.  *See Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 418 (3d Cir. 2010) ("[f]ederal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.' (quoting *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977)).

Here, it is not clear that Plaintiff's claims are ripe for adjudication.  "[R]ipeness is peculiarly a question of timing." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985).  It requires courts to consider "whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Engineers, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009).  If the Letter does not constitute a final and binding action by the State, then Plaintiff's injuries are merely speculative, because Plaintiff has not yet been restrained from selling the Reformation.  These unanswered questions also impact Plaintiff's procedural due process claims.  Absent sufficient information regarding whether Plaintiff has received a final determination regarding the legality of selling the Reformation in New Jersey, as well as which entity has final responsibility for

making that determination, and the procedure, if any, for challenging such a decision, the Court cannot ascertain whether Plaintiff has been provided with procedures, *i.e.*, notice and an opportunity to be heard, sufficient to protect Plaintiff's interests. *See Zappan v. Pennsylvania Board of Probation and Parole*, 152 F. App'x. 211, 220 (3d Cir. 2005) ("The essential requirements of any procedural due process claim are notice and the opportunity to be heard."). Critically, in that regard, "[w]here a dispute arises under circumstances that permit administrative review . . . final administrative determination is favored under the ripeness doctrine." *Peachlum*, 333 F.3d at 434. To the extent state law may provide a procedure for administrative review or for appeal of a final determination, Plaintiff's claim may very well be "unfit for adjudication until administrative appeals have been completed." *Id*. In order to resolve these issues, Defendants are directed to submit supplementing briefing, no later than October 16, 2020, addressing 1) whether Plaintiff has received a final determination pertaining to Plaintiff's ability to sell the Reformation in the State of New Jersey; and 2) detailing the official administrative procedure, if any, pursuant to which a firearm manufacturer may seek a binding opinion regarding the legality of a particular firearm, and any applicable appeal procedures. Plaintiff may respond by October 30, 2020. It is further ordered that Defendants' motion to dismiss [ECF No. 11] shall be administratively terminated pending the Court's determination regarding the ripeness of Plaintiff's constitutional claims.

    **SO ORDERED.**

                                                                 s/ Freda L. Wolfson
                                                                 Hon. Freda L. Wolfson
                                                                 U.S. Chief District Judge