Danny C. Lallis
PISCIOTTI LALLIS ERDREICH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
dlallis@pisciotti.com

ATTORNEYS FOR PLAINTIFF
FRANKLIN ARMORY, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKLIN ARMORY, INC., | Civ. No. 1:19-cv-19323 |
| Plaintiff, | |
| vs. | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| COL. PATRICK A. CALLAHAN, individually and in his capacity as Superintendent of New Jersey State Police; ATTORNEY GENERAL OF THE STATE OF NEW JERSEY GURBIR GREWAL, individually and his official capacity as Attorney General, DETECTIVE BRETT C. BLOOM; DETECTIVE J. HEARNE; LT. STEPHEN MAZZAGATTI; DEPUTY ATTORNEY GENERAL MARYBETH WOODS; and JOHN DOES 1-10, fictitious parties, | |
| Defendants. | |

NOW COMES Plaintiff Franklin Armory, Inc. ("Plaintiff" or "Franklin Armory"), by and through undersigned counsel, and alleges as follows based on personal knowledge, investigation of counsel, and information and belief:

### INTRODUCTION

1.     This lawsuit arises out of the misconduct and/or purposefully, intentional, or callously indifferent conduct of the identified defendants.  Specifically, the defendants have

violated Plaintiff's constitutional rights and caused irreparable damage to Plaintiff by improperly, and without legal justification, preventing, precluding, and delaying the lawful sale of lawful firearms within the State of New Jersey.

2.      In this regard, the defendants have knowingly and intentionally prevented the lawful sale of firearms by Plaintiff into this state and have illegally prohibited Plaintiff from selling its lawful product in this state without a basis in the law.

3.      Despite acknowledging that the firearm at issue was lawful, the defendants advised that the sales could not occur until the Attorney General's office provided an opinion regarding the legality of the firearms.  Such an opinion was never provided and there is, in fact, no mechanism in place by which Plaintiff could obtain an opinion.  After causing Plaintiff to delay lawful commerce, the defendants then resorted to misapplying the applicable laws in order to continue to prevent the lawful commerce in this state, which is why this lawsuit has been filed.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000 and the parties are citizens of different States.

5.      This action also arises under the Second, Fifth, and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. § 1983 and 28 U.S.C. § 2201.  Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1443, 1367, 2201, and 2202.

6.      Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 because all defendants are residents of, and a substantial part of the events and omissions giving rise to the claim occurred in, the State of New Jersey, which is where this District Court is located.

7.      This Court has personal jurisdiction over Defendants.   All Defendants are citizens

2

and residents of the State of New Jersey and have continuous and systematic contact with the State of New Jersey, which establishes a basis for general personal jurisdiction. Furthermore, this lawsuit arises out of Defendants' contacts with the forum inasmuch as the lawsuit arises from Defendants' conduct and decisions related to Plaintiff's attempt to lawfully sell its products in the State of New Jersey. Accordingly, the exercise of jurisdiction comports with fair play and substantial justice.

## PARTIES

8. Plaintiff Franklin Armory is a corporation organized under the laws of the State of Nevada with a principal place of business in Nevada. Plaintiff is a federally licensed manufacturer of firearms and firearm parts.

9. Defendant Attorney General Gurbir Grewal ("Grewal") is the duly elected Attorney General for the State of New Jersey and is named in his official capacity ("Attorney General").

10. Defendant Patrick A. Callahan is the Superintendent of the New Jersey State Police and is named in his official capacity ("State Police").

11. Defendant DSFC Brett C. Bloom ("Det. Bloom") is the Assistant Unit Head of the Firearms Investigation Unit of the New Jersey State Police.

12. Defendant Detective J. Hearne ("Det. Hearne") is a detective with the New Jersey State Police.

13. Defendant Lt. Stephen Mazzagatti ("Lt. Mazzagatti") is a lieutenant with the New Jersey State Police.

14. MaryBeth Woods ("Woods") is the Deputy Attorney General for the State of New Jersey.

15. Defendant John Does 1-10 are fictitious parties (persons or legal entities) whose

3

names are presently unknown but who, upon information and belief, contributed to the acts and omissions giving rise to this lawsuit.   Specifically, John Does 1-10 are fictitious parties in the New Jersey State Police, Attorney General's Office, or other state employees who contributed to the acts and conduct that improperly prevented the sale of a lawful firearm within the State of New Jersey.

## FACTUAL BACKGROUND

### I.   Federal Firearms Laws

16.    In 1934, Congress enacted the National Firearms Act, 26 U.S.C. § 5801, *et seq.* ("NFA"), which restricted and regulated the sale, ownership, use, and transport of short barreled rifles, short barreled shotguns, machine guns, silencers, suppressors, and "destructive devices."

17.    The NFA levied a federal tax on the manufacture, sale, and transfer of certain classes of firearms.

18.    The NFA also requires the registration, with the federal government, of certain firearms identified in the Act, which include "machineguns"; rifles and shotguns that have an overall length under 26 inches; rifles with a barrel under 16 inches; shotguns with a barrel under 18 inches; and firearm suppressors.  26 U.S.C. § 5845(a).

19.    Under the NFA, "rifles" and "shotguns" are defined as follows:

(c)  The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a **rifled bore** for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

(d)  The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a **fixed shotgun shell** to fire through a **smooth bore** either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell.

4

27 U.S.C. § 5845(c)-(d) (emphasis added).

20.      In 1968, Congress enacted the Gun Control Act, 18 U.S.C. §§ 921, *et seq.* ("GCA"), which sought to impose a comprehensive regulatory scheme on the importation, manufacturing, and sale of firearms.  The GCA established certain requirements for the sale of firearms that came within the purview of this Act.

21.      Under the GCA, "rifles" and "shotguns" are defined as follows:

The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a **rifled bore** for each single pull of the trigger.

. . . .

The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire through a **smooth bore** either a number of ball shot or a single projectile for each single pull of the trigger.

18 U.S.C. § 921(a)(5), (7) (emphasis added).

22.      Under the GCA, a "short-barreled shotgun" is defined as: "a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such a weapon as modified has an overall length of less than twenty-six inches."  178 U.S.C. § 921(a)(6).

**II.   State Firearms Laws**

23.      The terms "rifle" and "shotgun" are also defined under New Jersey law:

"Rifle" means any firearm designed to be fired from the shoulder and using the energy of the explosive in a **fixed metallic cartridge** to fire a single projectile through a **rifled bore** for each single pull of the trigger.

"Shotgun" means any firearm designed to be fired from the shoulder and using the energy of the explosive in a **fixed shotgun shell** to fire through a **smooth bore** either a number of ball shots or a single projectile for each pull of the trigger, or any firearm designed to be

5

fired from the shoulder, which **does not fire fixed ammunition.**

N.J. Stat. Ann. §§ 2C:39-1m, -1n (emphasis added)

24.     New Jersey defines a "sawed-off-shotgun" as "any shotgun having a barrel or barrels of less than 18 inches in length measured from the breech to the muzzle, or a rifle having a barrel or barrels of less than 16 inches in length measured from the breech to the muzzle, or any firearm made from a rifle or a shotgun, whether by alteration, or otherwise, if such firearm as modified has an overall length of less than 26 inches." N.J. Stat. Ann. § 2C:30-1o.

**III.    Franklin Armory's Reformation**

25.     Franklin Armory manufactures firearms and firearm parts, and one of the firearms it manufactures is the Reformation®:



Figure 1 - Reformation® RS7™          Figure 2 – Reformation® Rs11™

26.     The Reformation® is unique in its design and characteristics in that it is designed and intended to expel a single projectile through an unrifled barrel that has straight-cut lands-and-grooves.

27.     Significantly, the Reformation® is neither designed, nor intended, to fire fixed shotgun shells through its patented barrel system with straight lands and grooves. Rather, the Reformation® is designed and intended to fire standard cartridge ammunition of the size and caliber for which each barrel is chambered.

28.     In 2018, the Reformation® was submitted to the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATF") to evaluate the firearm design for purposes classifying the Reformation®.

29.     As a result of the unique features of the Reformation® (no rifled bore and no utilization of a fixed shotgun shell), BATF classified it is a "firearm" that is not regulated under the NFA.

30.     Instead, the Reformation® met the definition of a "shotgun" and a "short-barreled" shotgun under the GCA.  Thus, the Reformation® is subject to the GCA *only* and can be sold in the general channels of interstate commerce subject to that Act's requirements and state law.

**IV.     Franklin Armory's Attempt to Sell the Reformation® in New Jersey**

31.     Having reviewed the applicable firearms laws of the State of New Jersey, Franklin Armory determined that the Reformation® could legally be sold through federally licensed firearms retailers in the State of New Jersey, assuming the purchaser otherwise satisfies all federal and state applications and requirements.

32.     As such, Franklin Armory intended to begin selling the Reformation® in New Jersey in April 2019 and had taken steps to commence the transfer of these firearms, which included communications, and entering into at least one sales contract, with New Jersey firearms retailers.

33.     Upon information and belief, at least one such New Jersey firearms retailer contacted the New Jersey State Police regarding the legality of selling the Reformation®.

34.     Upon information and belief, Det. Hearne advised this firearms retailer that the Reformation® "would be eligible for sale" in New Jersey and that the Reformation® "currently fits within the laws of the state as legal."  (Ex. A, Hearne Email 3/7/2019.)

35.     Nonetheless, Det. Hearne advised as follows:  "Several firearms produce din recent years manage to not fall into any current law that would make them illegal.  Be aware that these types of firearms may bring a negative light due to design and may be banned in the future.  However, it currently fits within the laws of the state as legal.  I would also advise any buyers to

7

use caution, as the firearm can easily be mistaken for an SBR and/or a NJ non-compliant firearm."

(Ibid.)

36.     Nonetheless, Detective Hearne contacted Franklin Armory to request a formal letter describing the characteristics of the Reformation®, and Franklin Armory complied with this request.  (Ex. B, Ltr. 3/13/19.)

37.     Franklin Armory also advised Detective Hearne that it intended to commence distribution to licensed dealers in New Jersey within thirty days unless it was advised of a relevant state statute or regulation that prohibited such sales.  (Ibid.)

38.     On or about April 3, 2019, Det. Bloom, Assistant Head for the Firearms Investigation Unit, again confirmed via written correspondence that the sale of the Reformation® was legal under New Jersey law.  (Ex. C, Bloom Ltr. 4/3/19.)

39.     Although confirming the legality of such sales, Det. Bloom expressed concern that law enforcement may be confused by the sale of the firearm and/or mistake the Reformation® for an "assault weapon" or a "sawed off shotgun" under New Jersey law, which would lead to the improper prosecution of individual purchasers:

> While I agree with you that under New Jersey State law, your product does not conform to the State definition of a "shotgun" or "rifle" or "handgun, it has been deemed a "shotgun by the BATF.  With this designation, our concern is that the sale of such a product may be interpreted as a "shotgun" but a State or County prosecutors and an owner may be prosecuted for same.  This may also include charges related to the possession of an "assault firearm" and/or a "sawed-off-shotgun" if it is believed to be a shotgun by the prosecutor's office.

(Id. at p. 1.)

40.     Although the firearm was legal and could be sold in New Jersey, Det. Bloom expressed concern regarding potential confusion and mistake regarding the firearm.  (Ibid.)

41.     Therefore, Det. Bloom explained that he had requested an "official legal decision"

from the Office of the Attorney General and instructed Franklin Armory not to sell the Reformation® in New Jersey until receiving a written response: "I do not feel comfortable simply allowing the sale in the State of New Jersey until the Attorney General's Office makes a legal opinion."  (Ibid.)

42.     Det. Bloom expressly stated:  "I will submit a request for legal opinion from my office to the Office of Attorney General.  I will include your previously submitted letter and advise the Deputy Attorney General to contact you with any decision made by that office.  At this time you are being advised not to provide your product for sale in the State of New Jersey until a legal decision is made and you receive a written reply."  (Id. at p. 2.)

43.     Det. Bloom also provided no deadline for, or even an estimated timeline of,  when Franklin Armory could expect to reengage in lawful commerce with sales of the Reformation®.

44.     Nonetheless, Franklin Armory agreed to temporarily delay sales into New Jersey so that the Office of Attorney General could provide a written response to Det. Bloom's request.

45.     While waiting for the written response, on or about April 26, 2019, Franklin Armory was advised by at least one licensed firearms dealer in New Jersey with whom it had contracted to sell the Reformation® that the New Jersey State Police had contacted the store, and based on that contact,  the retailer cancelled its order.

46.     Having received no response after a period of thirty days from the initial inquiry, Franklin Armory again contacted the State Police and advised that it would begin sales on April 29, 2019.  (Ex. D, Jacobson Email 4/19/19.)

47.     In response, Det. Bloom prohibited Franklin Armory from making any sales of the Reformation® within the State of New Jersey:  "[T]he sale of the firearms in question **will not occur in the State** until we have heard from our legal counsel.  We will advise all licensed retail

firearms dealers in the State to suspend any sales of this product, until the Attorney Generals [sic] office has made a final determination on the legality of the product" (emphasis added).  (Ex. E, Bloom Email.)  MaryBeth Woods from the Attorney General's Office was copied on Det. Bloom's email.  (Ibid.)

48.     After waiting weeks, Franklin Armory's corporate attorney contacted Deputy Attorney General MaryBeth Woods via electronic mail and telephone to discuss the unlawfulness of Bloom's interference.

49.     On July 11, 2019, Wood advised that a letter was being prepared and that Plaintiff would receive it the following week.  (Ex. F, Wood Email 7/11/19.)

50.     Thereafter, on or about July 17, 2019, Lt. Mazzagatti of the New Jersey State Police responded in a letter that both contradicted the previous responses from the State Police and misapplied State law.  Specifically, Mazzagatti stated that the Reformation® firearms have the "characteristics of shotguns" because: (1) the barrels are not rifled, (2) the firearms are designed to be fired from the shoulder; and (3) the firearms fire a single projectile for each pull of the trigger. (Ex. G, Mazzagatti Ltr. 7/17/19.)

51.     However, Lt. Mazzagatti omitted a requisite element in order for a firearm to be deemed a "shotgun" under New Jersey law, which states:

> "Shotgun" means any [1] firearm designed to be *fired from the shoulder* and [2] *using the energy of the explosive **in a fixed shotgun shell*** [3] to fire through a *smooth bore* [4] either a number of ball shots or *a single projectile for each pull of the trigger*, or any firearm designed to be fired from the should which does not fire fixed ammunition.

N.J. Stat. Ann. 2C:39-1 (numbering and emphasis added).

52.     As such, Lt. Mazzagatti not only misapplied the definition of "shotgun" but also directly contradicted the prior responses from the State Police, which had already determined

(citing N.J.S.A. 2c:39-1.w.(3)) that the firearms each have a "barrel length of less than 18 inches measured from the breach to the muzzle" and do not use the energy of the explosive in a "fixed shotgun shell."

53.    Further, Lt. Mazzagatti's letter went on to compound the misapplication of the law by stating: "[a]s a shotgun, under N.J.S.A. 2C:39-1.n, a barrel length of less than eighteen inches measured from the breech to the muzzle is considered a 'sawed off shotgun.''  The definition of "sawed-off shotgun," however, only applies to "shotguns." See N.J.S.A. 2C:39.1.0.

54.    Lt. Mazzagatti's letter also incorrectly implies that the Reformation® line qualifies as "assault weapons" under N.J.S.A. 2C:39-1w(3), which – again – applies only to "shotguns."

55.    Finally, despite the fact that Lt. Hearne and Lt. Bloom had advised that the Attorney General's office was going to provide an official ruling and decision on the legality of the Reformation, Lt. Mazzagatti stated in his letter:  "[P]lease be advised this is not intended as legal advice but is offered for informational purposes only."

56.    After delaying sales for months due to the promise of obtaining an official legal determination, Franklin Armory was advised that none was coming and that this letter was merely for "informational purposes only."

57.    Upon information and belief, the July 17, 2019 letter was written by Lt. Mazzagatti in conjunction with input and guidance from Deputy Attorney General Wood and other members of the Attorney General's office, including Grewal.

58.    Wood had personal involvement in the decisions related to prohibiting the sale of the Reformation in the State of New Jersey and was personally involved and directed the writing of the July 17, 2019 correspondence.

59.    Upon information and belief, Grewal, as the Attorney General, had personal

involvement in the decision to prevent the lawful sale of the firearm in New Jersey.  As Wood's superior, he directed and advised Wood regarding the decisions and conduct related to Plaintiff's ability to sell the Reformation in New Jersey.

60.     Alternatively, as Wood's direct superior, Grewal had knowledge of and acquiesced to the conduct and actions of Wood, Mazzagatti, Hearne, and Bloom in relation to unlawfully preventing the sale of the Reformation in New Jersey.

61.     Upon information and belief, Callahan had personal involvement in the decision to prevent the lawful sale of the firearm in New Jersey.  As Wood's superior, he directed and advised Wood regarding the decisions and conduct related to Plaintiff's ability to sell the Reformation in New Jersey.

62.     Alternatively or additionally, as the direct superior of Mazzagatti, Hearne, and Bloom and Callahan had knowledge of and acquiesced to the conduct and actions of Mazzagatti, Hearne, and Bloom in relation to unlawfully preventing the sale of the Reformation in New Jersey.

63.     Callahan is the Superintendent of the State Police and the executive and administrative head of the State Police.  N.J.S.A. § 52:1-1.  The State Police is an executive department organized under the authority of the State's Attorney General.  Id. § 52:17B-2, -3. Thus, based on statutory authority, both Callahan and Grewal have supervisory and policymaking authority over the State Police.[1]

64.     This scenario is part of an overall policy that is currently being employed by Grewal and Callahan in New Jersey in an effort to restrict or lessen the sale of lawful firearms and/or prevent citizens of New Jersey from obtaining lawful firearms.

---

[1]  https://nj.gov/governor/news/news/562019/approved/20190312b.shtml (noting that Grewal and Callahan are collectively working together to seek to hold manufacturers responsible for lawfully manufactured firearms that are utilized in crimes).

65.    For example, municipalities and counties in New Jersey have recently issued pro-Second Amendment resolutions, which were declaratory statements recognizing citizens' Second Amendment right to lawfully own firearms.[2]

66.    In response to these declarations, Grewal stated that, "My real concern is that these so-called 'sanctuary' resolutions will **confuse** otherwise law-abiding residents, who may incorrectly believe that they no longer have to comply with firearm safety laws, including carry laws and prohibitions on assault weapons, ghost guns, or large-capacity magazines." (emphasis added)[3]

67.    Grewal further stated that "This **confusion** can create serious risks for law enforcement and the public at large, with potentially deadly consequences. As we work to end gun violence across New Jersey, it is especially important that we make clear that our state's firearm laws remain fully in effect." (emphasis added)[4]

68.    In response to declaratory statements regarding citizens' rights to lawfully bear arms, Grewal recognized that such declarations were accurate but advised that they could nonetheless lead to "confusion" for citizens and law enforcement personnel.

69.    This statement echoes the statements provided by Det. Hearne and Det. Bloom in response to the lawful sale of the Reformation.  Although both acknowledged that the firearm was legal under the applicable laws, they expressed concern regarding "mistake" and "confusion" to the public and law enforcement and that the state might arrest or prosecute someone for owning a lawful product.  This evidences a pattern and policy implemented by Grewal and Callahan to prevent or otherwise restrict the lawful commerce and possession of

---

[2] https://www.nj.com/news/2020/02/what-do-pro-gun-resolutions-sweeping-across-nj-actually-do-not-much.html
[3] https://www.nj.com/news/2020/02/nj-ag-pro-gun-sanctuary-resolutions-mean-nothing-but-could-put-police-at-risk.html
[4] Ibid.

firearms in New Jersey.

70.     At all times material herein, Grewal and Callahan were responsible for the implementation of directives related to gun control and firearm sales in New Jersey and they had final policy and oversight authority for the actions and decisions made by Wood, Hearne, Bloom, and Mazzagatti.

71.     The decision to restrict the lawful sales of the Reformation in New Jersey was purposefully done as part of Defendants' policies to restrict, limit, and otherwise prevent the lawful sale of firearms into the State of New Jersey.

72.     Additionally, the fact that Det. Bloom advised that the Attorney General's Office would provide an official and formal decision on the legality of the Reformation when, in fact, no such policy or practice existed and no formal decision has ever been rendered clearly creates an unreasonable risk of constitutional violations.

73.     By not having any policy in place, or having a deficient policy in place, there is a risk of violation of Constitutional rights, such as the one seen here where a lawful manufacturer of a lawful firearm has been unable to sell the firearm in New Jersey because of the conduct and activities of the defendants herein identified.

## V.     Notice of Intent to Commence Litigation

74.     On or about July 24, 2019, a Notice of Claim Under the Jersey Torts Claims Act was sent on behalf of Plaintiff.  (Ex. H.)

75.     After the expiration of ninety days from the date the notice of claim is received by the contracting agency, the claimant may file suit in a court of competent jurisdiction of the State of New Jersey.  N.J.S.A. 59:13-5.  Under N.J.S.A. 59:8-11, the Claim shall be deemed to have been presented and received at the time of the deposit.

76.     The required ninety days has now elapsed without any response from Defendants. As a result of Defendants' actions, Franklin Armory continues to be barred from engaging in lawful commerce within the State of New Jersey and continues to suffer damages to its business, reputation, and marketability of its products.

77.     Defendants utilized the color of authority of the law to continually, improperly, and unreasonably prohibit firearm retailers within the State of New Jersey from purchasing and selling a lawful product, instead suggesting that non-licensed individuals who purchase a lawful product may be subject to prosecution.

78.     Through their conduct, Defendants have attempted to perpetually prevent the sale of a legal production without legal justification or authority.

**COUNT I**
**Declaratory Judgment (28 U.S.C. § 2201)**

79.     Plaintiff restates and realleges the allegations contained in paragraphs 1 to 76 as if fully set forth herein.

80.     Plaintiff is a person entitled to protection under the Fourteenth Amendment.

81.     Defendants' finding of the Reformation® to be a regulated "shotgun" under New Jersey law, instruction to Plaintiff to halt all sales in New Jersey, and instruction to New Jersey firearms dealers not to sell the Reformation® are in violation of and contrary to the protections afforded persons under the Due Process Clause in the Fourteenth Amendment to the United States Constitution.

82.     Defendants' correspondence, which contradicted prior findings and was based on a misapplication of the law and is unsupported by the federal and state statutes' definitions of shotgun, sawed-off shotgun, and assault weapon.  As a result, the actions taken by the Defendants to prevent the lawful sale of a lawful product in the State of New Jersey exceeds Defendants'

statutory authority.

83.     Moreover, Defendants' decision and instructions are arbitrary and capricious and constitute an abuse of discretion and/or is otherwise not in accordance with the law.

84.     The Defendants' conduct and actions also violate the Second and Fourteenth Amendments to the United States Constitute to keep and bear arms because it bans the manufacture, sale, and possession of lawful firearms.

85.     The legality of the conduct of Defendants constitutes a question of law.

86.     There is an actual dispute between the parties over whether Defendants' conduct is proper under the Fifth and Fourteenth Amendments and under the statutory authority granted by the Legislature.  As a result, declaratory relief is appropriate under 28 U.S.C. § 2201.

**COUNT II**
**Declaratory Judgment (42 U.S.C. § 1983)**

87.     Plaintiff restates and realleges the allegations contained in paragraphs 1 to 85 as if fully set forth herein.

88.     Plaintiff is a person entitled to protection under the Fourteenth Amendment.

89.     Defendants' finding of the Reformation® to be a regulated "shotgun" under New Jersey law, instruction to Plaintiff to halt all sales in New Jersey, and instruction to New Jersey firearms dealers not to sell the Reformation® are in violation of and contrary to the protections afforded persons under the Due Process Clause in the Fourteenth Amendment to the United States Constitution.

90.     Defendants have cited no applicable law (federal or state) to justify their actions in preventing the lawful sale of a lawful product within the State of New Jersey.

91.     Defendants' correspondence, which contradicted prior findings and was based on a misapplication of the law, is unsupported by the federal and state statutes' definitions of shotgun,

sawed-off shotgun, and assault weapon.  As a result, the actions taken by the Defendants to prevent the lawful sale of a lawful product in the State of New Jersey exceeds Defendants' statutory authority.

92.     Moreover, Defendants' decision and instructions are arbitrary and capricious and constitute an abuse of discretion and/or is otherwise not in accordance with the law.

93.     The Defendants' conduct and actions also violate the Second and Fourteenth Amendments to the United States Constitution to keep and bear arms because it bans the manufacture, sale, and possession of lawful firearms.

94.     The legality of the conduct of Defendants constitutes a question of law.

95.     There is an actual dispute between the parties over whether Defendants' conduct is proper under the Fifth and Fourteenth Amendments and under the statutory authority granted by the Legislature.  As a result, declaratory relief is appropriate under 28 U.S.C. § 1983.

## DEMAND

WHEREFORE, Plaintiff respectfully request judgment against Defendants and that the Court grant the following relief:

A.  After a hearing on the merits, a judgment in Plaintiff's favor, declaring that (1) the Reformation® can be legally sold and transferred within the State of New Jersey; (2) the acts and conduct of Defendants in attempting to restrict, prohibit, or prevent the sale of the Reformation® was unconstitutional; (3) the acts and conduct of Defendants as described herein violated the Second and Fourteenth Amendments to the United States Constitution; (4) Defendants violated 42 U.S.C. § 1983; and (5) a permanent injunction should be issued enjoining Defendants from attempting to restrict the sale of lawful firearms into the State of New Jersey.

B.  Awarding statutory damages or attorneys' fees and costs as permitted by law.

C.  Awarding such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  February 19, 2021

Respectfully submitted,

**PISCIOTTI LALLIS ERDREICH**

By:     s/ Danny C. Lallis
        Danny C. Lallis
        30 Columbia Turnpike, Suite 205
        Florham Park, New Jersey 07932
        Telephone:  (973) 245-8100
        Facsimile:   (973) 245-8101
        dlallis@pisciotti.com

        **Attorneys for Plaintiff**
        **Franklin Armory, Inc.**

# <u>EXHIBIT A</u>

---------- Forwarded message ----------
From: JAMES HEARNE <lpp7209@gw.njsp.org>
Date: Thu, Mar 7, 2019 at 1:43 PM
Subject: Re: [EXTERNAL] Reformation - Firearm Info
To: <savagecerakote@gmail.com>


After reviewing the Reformation Firearms that you linked in your email and reading all of the laws for NJ, it appears that as a "**firearm**" with a **smooth bore** it would be eligible for sale as long as it is not sold with the binary trigger offered for sale and the **overall length is no less then 26"**.  I do not see this violating the assault weapons statue either, due to its 'firearm' designation. Therefore it can have a collapsible stock in addition to the other negative qualities.


Several firearms produced in recent years manage to not fall into any current law that would make them illegal.  Be aware that these types of firearms may bring a negative light due to its design and may be banned in the future.  However it currently fits within the laws of the state as legal.  I would also advise any buyers to use due caution, as this firearm can easily be mistaken for an SBR and/or a NJ non compliant firearm.


Respectfully,


Detective I J. Hearne #7209
New Jersey State Police
Firearms Investigation Unit
PO Box 7068
West Trenton, NJ 08628-0068
Office: (609) 882-2000 X-6617

C: (609) 331-5785
Fax: (609) 882-0742


>>> SavageCerakote 732 <savagecerakote@gmail.com> 03/05/19 12:22 PM >>>


Is this legal, and can these be sold in my store.


Reformation - Firearm Info

http://www.reformationfirearms.com/services.html#


CONFIDENTIALITY NOTICE The information contained in this communication from the Division of State Police is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Division of State Police at (609) 882-2000 to arrange for the return of this information.


--

Derek, Savage Cerakote

# **<u>EXHIBIT B</u>**



**FRANKLIN ARMORY**
2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

March 13, 2019

Detective I J. Hearne #7209
New Jersey State Police
Firearms Investigation Unit
PO Box 7068
West Trenton, NJ 08628-0068

Dear Detective Hearne,

Thank you for your time on the phone Tuesday morning.  To demonstrate why we believe that Reformation® firearms are legal for civilians to purchase and possess in New Jersey, I thought I would start with the relevant Federal law. There are significant similarities between the Federal and New Jersey statutes, so it is my belief that understanding the Federal interpretation will be beneficial in this discussion.

Franklin Armory has received a classification letter from the Bureau of Alcohol, Tobacco, Firearms and Explosives which defines our latest firearm as a non-National Firearms Act firearm even though it features a stocked firearm with a barrel of under 16 inches.  Figures 1 and 2 show examples similar to what we sent to BATF.



Figure 1 - Reformation® RS7™



Figure 2 – Reformation® Rs11™

Figure 1 above shows an RS7™ Reformation® firearm features the following pertinent elements:

- A Triumvir™ Muzzle Device.  Operates as a flash hider, compensator, and linear compensator.
- A 7.5" Reformation® barrel with straight cut lands and grooves.  (Note:  This barrel is NOT rifled.)
- Chambered in 5.56 NATO.
- An FST™ 7" free float hand guard.
- A Magpul secondary vertical grip.
- A 10 round Magpul magazine.

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
*- Benjamin Franklin*



**FRANKLIN ARMORY**

2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

- A semiautomatic action.
- A Magpul SL-K stock.
- An overall length of approximately 26-7/8" (measured with the stock extended.)

The BATF also reviewed our RS11™ Reformation® firearm in a configuration similar to that as shown in Figure 2 with the following features:
- A Triumvir™ Muzzle Device.  Operates as a flash hider, compensator, and linear compensator.
- A 11.5" Reformation® barrel with straight cut lands and grooves.  (Note:  This barrel is NOT rifled.)
- Chambered in 300-Blackout.
- An FSR™ 11.5" free float hand guard.
- A 10 round Magpul magazine.
- A semiautomatic action.
- A Magpul SL-K stock.
- An overall length of approximately 29-1/8" (measured with the stock extended)

In order to understand how the BATF came to the conclusion that these firearms were not NFA firearms, it is best that we take a quick look at the definitions that govern the statute.

In looking at the definition of "rifle" under the Gun Control Act, Title 18, Chapter 44, Section 921, we find the following:

> (7) The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire only a single projectile through a *rifled bore* for each single pull of the trigger.

While Reformation® firearms are "intended to be fired from the shoulder," they do not happen to feature a "rifled bore."  Consequently, Reformation® firearms do not meet the Federal definition of a "rifle" under the GCA.  However, the National Firearms Act has a similar, but separate, definition of "rifle."  Under Title 26, Chapter 53, Section 5845 (C), we find the following definition:

> (c) The term "rifle" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a *rifled bore* for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

Again, we see that Reformation® firearms are not defined as a NFA "rifle" because, while they are intended to be fired from the shoulder, they do not have a "rifled bore."

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
*- Benjamin Franklin*



**FRANKLIN ARMORY**
2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

Next, BATF looked at whether or not Reformation® firearms might be classified as a "shotgun." Their finding was interesting.  Starting with the GCA, they noted the definition of "shotgun" found under Title 18, Chapter 44, Section 921 (5):

> (5) The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of an explosive to fire through a *smooth bore* either a number of ball shot or a single projectile for each single pull of the trigger.

BATF concluded that, despite having straight cut lands and grooves, a barrel without rifling is, in fact, a "smooth bore."

Given the BATF's definition of "smooth bore," Reformation® firearms do appear to be GCA "shotguns."  Further, since the barrel is under 18 inches in length, both the RS7™ and RS11™ configurations would be "short-barreled shotguns" under the GCA, Title 18, Chapter 44, Section 921 (6):

> (6) The term "short-barreled shotgun" means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification or otherwise) if such a weapon as modified has an overall length of less than twenty-six inches.

Even though Reformation® firearms are GCA "short-barreled shotguns," however, it is lawful if a Federally licensed manufacturer of firearms ships Reformation® firearms to a Federally licensed dealer of firearms.  In addition, it is lawful if a Federally licensed dealer of firearms transfers a GCA "short-barreled shotgun" to an eligible citizen from within their state, unless state law precludes such a transaction.  However, before we evaluate Reformation® firearms in light of the New Jersey Revised Statutes, it would be relevant to review the NFA definition of "shotgun."

In title 26, Chapter 53, Section 5845 (d) we find the NFA definition of "shotgun:"

> (d) The term "shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a *fixed shotgun shell* to fire through a *smooth bore* either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell.

Of particular consequence in the above definition is the phrase "fixed shotgun shell."  Since Reformation® firearms do not fire a fixed shotgun shell, they could not be defined as an NFA "shotgun." In fact, BATF concluded that Reformation® firearms in the RS7™ and RS11™ configurations were not defined as NFA firearms at all.  Consequently, Reformation® firearms were ultimately defined as Non-NFA short-barreled shotguns subject only to the GCA.  And this is

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
*- Benjamin Franklin*



**FRANKLIN® ARMORY**
2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

why, as stated above, the transactions of Reformation® firearms between Federally Licensed Dealers, Manufacturers, and eligible citizens are permitted outside of NFA restrictions.

Reviewing the above conclusions reached by the BATF is relevant since the New Jersey Revised Statutes define "shotgun" in a manner more similar to the NFA. Section 2C:39-1n in the following manner:

> "Shotgun" means any firearm designed to be fired from the shoulder and using the energy of the explosive in a *fixed shotgun shell* to fire through a *smooth bore* either a number of ball shots or a single projectile for each pull of the trigger, or any firearm designed to be fired from the shoulder which does *not fire fixed ammunition*.

Of critical importance here is the fact that a "shotgun" in New Jersey must fire a "fixed shotgun shell" or alternatively it must "*not* fire fixed ammunition." We are confident that knowledgeable experts would agree that Reformation® firearms chambered in either 5.56 NATO or 300-Blackout would not constitute a "fixed shotgun shell;" we are also confident that knowledgeable experts would agree that Reformation® firearms chambered in either 5.56 NATO or 300-Blackout would fire "fixed ammunition" (more specifically, these firearms fire cartridges that would most suitably be defined as "fixed metallic cartridges.") Consequently, a Reformation® firearm such as RS7™ or RS11™ cannot logically be defined as a "shotgun" under the New Jersey Revised Statutes.

Looking at the New Jersey State definition of "rifle," found in Section 2C:39-1m, we see the following:

> "Rifle" means any firearm designed to be fired from the shoulder and using the energy of the explosive in a *fixed metallic cartridge* to fire a single projectile through a *rifled bore* for each single pull of the trigger.

Herein, we do find the use of "fixed metallic cartridge," yet the definition also requires that a rifle must be equipped with a "rifled bore." Consequently, a Reformation® firearm cannot logically be defined as a "rifle" under state law.

Looking at the New Jersey Revised Statutes, it is also important to review Reformation® firearms against the definition of "Sawed-off shotgun" found in section 2C:39-1o.

> "Sawed-off shotgun" means any shotgun having a barrel or barrels of less than 18 inches in length measured from the breech to the muzzle, or a rifle having a barrel or barrels of less than 16 inches in length measured from the breech to the muzzle, or any firearm made from a rifle or a shotgun, whether by alteration, or otherwise, if such firearm as modified has an overall length of less than 26 inches.



2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

Since Reformation® firearms are not defined by the state as either "rifles" or "shotguns," they cannot logically be defined as a "sawed-off shotgun."

Looking at the definition of "handgun" found under 2C:39-1k of the New Jersey Revised Statutes, we see the following:

"Handgun" means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.

While pistol and revolver are not specifically defined in the state statutes, it is clear that Reformation® firearms are not "designed or manufactured to be fired by the use of a single hand." The RS7™ is equipped with a secondary vertical grip, and both the RS7™ and the RS11™ feature a stock designed to be fired from the shoulder.

Reviewing the definition of "firearm" under 2C:39-1f of the New Jersey Revised Statutes, we find the following:

"Firearm" means any handgun, rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person.

We do concede that Reformation® firearms are in fact "firearms" under state law, and that is why we are seeking a classification opinion form the State agency in charge of firearms.

Reformation® firearms must be evaluated in light of "assault firearm" under 2C:39-1w.

"Assault firearm" means:
(1)The following firearms:
Algimec AGM1 type
Any shotgun with a revolving cylinder such as the "Street Sweeper" or "Striker 12"
Armalite AR-180 type
Australian Automatic Arms SAR
Avtomat Kalashnikov type semi-automatic firearms
Beretta AR-70 and BM59 semi-automatic firearms
Bushmaster Assault Rifle
Calico M-900 Assault carbine and M-900

 **FRANKLIN ARMORY**

2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

CETME G3
Chartered Industries of Singapore SR-88 type
Colt AR-15 and CAR-15 series
Daewoo K-1, K-2, Max 1 and Max 2, AR 100 types
Demro TAC-1 carbine type
Encom MP-9 and MP-45 carbine types
FAMAS MAS223 types
FN-FAL, FN-LAR, or FN-FNC type semi-automatic firearms
Franchi SPAS 12 and LAW 12 shotguns
G3SA type
Galil type Heckler and Koch HK91, HK93, HK94, MP5, PSG-1
Intratec TEC 9 and 22 semi-automatic firearms
M1 carbine type
M14S type
MAC 10, MAC 11, MAC 11-9mm carbine type firearms
PJK M-68 carbine type
Plainfield Machine Company Carbine
Ruger K-Mini-14/5F and Mini-14/5RF
SIG AMT, SIG 550SP, SIG 551SP, SIG PE-57 types
SKS with detachable magazine type
Spectre Auto carbine type
Springfield Armory BM59 and SAR-48 type
Sterling MK-6, MK-7 and SAR types
Steyr A.U.G. semi-automatic firearms
USAS 12 semi-automatic type shotgun
Uzi type semi-automatic firearms
Valmet M62, M71S, M76, or M78 type semi-automatic firearms
Weaver Arm Nighthawk.

(2)Any firearm manufactured under any designation which is substantially identical to any of the firearms listed above.

(3)A semi-automatic shotgun with either a magazine capacity exceeding six rounds, a pistol grip, or a folding stock.

(4)A semi-automatic rifle with a fixed magazine capacity exceeding 15 rounds.

(5)A part or combination of parts designed or intended to convert a firearm into an assault firearm, or any combination of parts from which an assault firearm may be readily assembled if those parts are in the possession or under the control of the same person.

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
*- Benjamin Franklin*

 2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

Since Reformation® firearms by Franklin Armory® are not listed in subsection (1), it would appear that our products would not be defined as an assault weapon by name.

On August 19, 1996, Attorney General Peter Verniero issued Guidelines Regarding the "Substantially identical" Provision in the State's Assault Firearm Laws, which were circulated to all county prosecutors and all Law Enforce Chief Executives.  Those guidelines state: "A firearm is not substantially identical to a listed assault firearm unless it is identical except for differences which do not alter the essential nature of the firearm."  Going further, the Guidelines provide express examples of non-essential changes:

> The following are examples of manufacturer changes that do not alter the essential nature of the firearm: name or designation of the firearm; the color of the firearm; the material used to make the barrel or stock of the firearm; the material used to make a pistol grip; a modification of a pistol grip. This is not an exclusive list.

Moreover, the Guidelines go on to state: "[a] semi-automatic firearm should be considered to be 'substantially identical,' that is, identical in all material respects, to a named assault weapon if it meets the below listed criteria: …. Semi-automatic *rifle* … semi-automatic *pistol* … semi-automatic *shotgun*…."

Clearly, the Reformation® firearms by Franklin Armory® cannot be deemed substantially identical to rifles, pistols, or shotguns, since the unique design and features of the Reformation® alter the essential nature of the firearms enough that the firearms do not even fall within the State's definitions of rifle, pistol, and/or shotgun.  Since Reformation® firearms possess patentable features that are not substantially identical to the any of the firearms in subsection (1), it would appear that our products would not be defined as an assault weapon under subsection (2).

Reformation® firearms would not appear to be an assault weapon under subsection (3) since it was established above that they are not State defined shotguns.

And, Reformation® firearms would not appear to be an assault weapon under subsection (4) since it was established above the they are not State defined rifles.

Of course, Reformation® firearms are not intended to be converted in any way, so subsection (5) does not apply.

Reformation® firearms are "semi-automatic" under section 2C:39-1x, and we ensure that they ship with 10 round magazines so as not to violate 2C:39-1y.

Given that the Firearms Investigations Unit of the New Jersey State Police is the primary agency in charge of enforcing firearms law within the state of New Jersey, we respectfully request a timely evaluation of our Reformation® firearms, RS7™ and RS11™, as specified above.  We believe that

*"Those who would give up Essential Liberty to purchase a little Temporary Safety deserve neither Liberty nor Safety"*
*- Benjamin Franklin*

 2246 Park Place Ste B
Minden NV 89423
Phone (775)783-4313
www.franklinarmory.com

our analysis is thorough, but we are willing to restrict sales to the State of New Jersey if you happen to provide any information to us that would demonstrate that Reformation® firearms would violate state statutes or regulations. Barring any notice of a relevant state statute or regulation that would prohibit the sale of Reformation® firearms in the state of New Jersey, we will commence distribution to our federally licensed dealers within the state of New Jersey in thirty (30) days.

If department personnel would like to have a teleconference about any elements of this request, I will prioritize scheduling of such a conference. Similarly, if the department would like to receive a sample Reformation® firearm, I will be happy to over-night one today.

Respectfully submitted,

Jay Jacobson
President
Franklin Armory®, Inc.

# <u>EXHIBIT C</u>



### State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF STATE POLICE
POST OFFICE BOX 7068
WEST TRENTON, NJ 08628-0068
(609) 882-2000

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

PATRICK J. CALLAHAN
*Colonel*

Jay Jacobsen
2246 Park Place Ste. B
Minden, N.V. 89423

04/03/2019

Mr. Jacobson,

This letter is in reply to your March 15, 2019 letter regarding the legality of firearms manufactured and marketed by your company Franklin Armory. The letter specifically describes in detail two particular firearms, the Reformation RS7 and RS11, which you wished to show would be legal for sale in the State of New Jersey. Your documentation describes the analysis performed by the B.A.T.F. and their decision to classify your product as a "shotgun" as per the Federal Gun Control Act defined under Title 18, Chapter 44, Section 921 (5).

As you are aware you are asking for an opinion from this office regarding New Jersey laws and how they may apply to your product. We must take all factors into consideration as I explained over the phone, this includes possible criminal prosecution of an individual for the possession of such a firearm. The National Rifle Association Firearms Sourcebook (Your Ultimate Guide to Guns, Ballistics, and Shooting) defines a "shotgun" as a *Smoothbore shoulder firearm designated to fire cartridges containing numerous pellets or a single slug*. This is a definition that would incorporate the above mentioned firearms and may make someone susceptible to arrest and/or prosecution for the mere possession of one of your products. While I agree with you that under New Jersey State law, your product does not conform to the States definition of a "shotgun" or "rifle" or "handgun" it has been deemed a "shotgun" by the B.A.T.F.. With this designation our concern is that the sale of such a product may be interpreted as a "shotgun" by a State or County prosecutors and an owner may be prosecuted for same. This may also include charges related to the possession of an "assault firearm" and/or a "sawed-off shotgun" if it is believed to be a shotgun by the prosecutor's office.

I do not have the ability to simply grant you a letter releasing you from any liability with the sale of your product in this State, I can however pass this information onto the Office of Attorney General for the State of New Jersey for an official legal decision. I hope you understand that while this product may not conform to N.J. State law and may be legal to possess, I do not feel comfortable simply allowing the sale in the State until the Attorney General's Office makes a legal opinion.



*"An Internationally Accredited Agency"*

New Jersey Is An Equal Opportunity Employer
Printed on Recycled Paper and Recyclable



I will submit a request for legal opinion from my office to the Office of Attorney General.  I will include your previously submitted letter and advise the Deputy Attorney General to contact you with any decision made by that office.  At this time you are being advised to not provide your product for sale in the State of New Jersey until a legal decision is made and you receive a written reply.

Thank you,

DSFC. Brett C. Bloom #5239
Assistant Unit Head
Firearms Investigation Unit

# EXHIBIT D

**Jay Jacobson** <jjacobson@franklinarmory.com>
Reply-To: jjacobson@franklinarmory.com
To: BRETT BLOOM <LPP5239@gw.njsp.org>
Cc: Jason Davis <jdavis@franklinarmory.com>

Fri, Apr 19, 2019 at 2:30 PM

Good afternoon DSFC Bloom.


Just over two weeks ago, we corresponded last regarding the classification of and possible civilian sales of Reformation firearms in New Jersey. Again, I wish to thank you for taking the time to write your thoughtful reply. I understand that a copy of our correspondence was sent on to the Office of Attorney General for the State of New Jersey. As of this writing, it does not appear that they have replied. If you have a contact in that department, we would like to converse with them about the project. Since attorneys can sometimes be reticent to speak to laymen, I have included corporate counsel, Jason Davis, on this correspondence so that the representative from the AG's office can speak directly with our attorney.


As the hands of time have not stopped, we find that the State of New Jersey has had well over 30 days to respond with a regulatory reference as to why Franklin Armory would not be able to sell our products within it's jurisdiction. I further recognize that your advise was for us to not provide our product for sale in the State of New Jersey until a legal decision is made and we receive a written reply. However, we are unable to compel the state to reply in a timely manner, and given the lack of a single statutory reference foreclosing our opportunity, **we are wishing to move forward with sales next week.**


Please note that I truly respect the authority of the state, and it is for this reason that I have drafted this correspondence today. I would never wish to operate in a clandestine manner that would cause the department to question my creditability or intent. Additionally, knowing that these products are going to start shipping in to dealers across the state, your office can properly notify agencies and district attorneys throughout the country of the impending shipments that, at least here to now, have not been shown to violate the law.


Respectfully,


--




**Jay Jacobson**

President


Phone: 775.783.4313


Email: jjacobson@franklinarmory.com


2246 Park Pl Ste B Minden, NV 89423. USA




# EXHIBIT E

From: BRETT BLOOM <BRETT.BLOOM@gw.njsp.org>
Date: Fri, Apr 26, 2019, 10:20 AM
Subject: Re: [EXTERNAL] Reformation
To: <jjacobson@franklinarmory.com>
Cc: <MaryBeth.Wood@njoag.gov>

Sir,

 I have CCd our legal counsel also with this email.  As we have previously discussed, the sale of the firearms in question will not occur in the State until we have heard from our legal counsel. We will advise all licensed retail firearms dealers in the State to suspend any sales of this product, until the Attorney Generals Office has made a final determination on the legality of the product. A request for legal advice was generated and forwarded on March 26th from this office.  I hope yopu understand our concerns for the citizens of the State of New Jersey regarding our decision to delay sales.

Thank you.

DSFC. Brett C. Bloom #5239
NJSP Firearms Investigation Unit
Division Headquarters
PO Box 7068
West Trenton, NJ 08628-0068

Phone- 609-882-2000 x2060
Fax-    609-406-9826


>>> "Jay Jacobson" <jjacobson@franklinarmory.com> 4/19/2019 5:30 PM >>>
[Quoted text hidden]

**CONFIDENTIALITY NOTICE** The information contained in this communication from the Division of State Police is privileged and confidential and is intended for the sole use of the persons or entities who are the addressees. If you are not an intended recipient of this e-mail, the dissemination, distribution, copying or use of the information it contains is strictly prohibited. If you have received this communication in error, please immediately contact the Division of State Police at (609) 882-2000 to arrange for the return of this information.

# **<u>EXHIBIT F</u>**

On Thu, Jul 11, 2019 at 12:13 PM Mary Beth Wood <MaryBeth.Wood@njoag.gov> wrote:
The State police is preparing a letter that your client should receive next week.

Get Outlook for Android

---

**From:** Jason Davis <jason@calgunlawyers.com>
**Sent:** Thursday, July 11, 2019 3:08:18 PM
**To:** Mary Beth Wood
**Subject:** Re: Automatic reply: [EXTERNAL] Re: Franklin Armory

Ms. Wood

We haven't heard back yet and I wanted to follow up and see if you can provide me an update.

Let me know if you have any questions or concerns.

Thanks,

Jason A. Davis
THE DAVIS LAW FIRM
TEMECULA OFFICE
42690 Rio Nedo
Suite F
Temecula, California 92590
ORANGE COUNTY OFFICE
27201 Puerta Real,
Suite 300
Mission Viejo, California 92691
T: (866) 545-GUNS [4867]
C: (949) 310-0817
F: (888) 624-GUNS [4867]
Website: www.CalGunLawyers.com

This e-mail is confidential and is legally privileged.  If you have received it in error, please notify us immediately by reply e-mail and then delete this message from your system.  Thank you for your cooperation.

Sent from my iPhone.

# **<u>EXHIBIT G</u>**



# State of New Jersey

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF STATE POLICE
POST OFFICE BOX 7068
WEST TRENTON, NJ 08628-0068
(609) 882-2000

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

GURBIR S. GREWAL
*Attorney General*

PATRICK J. CALLAHAN
*Colonel*

July 17, 2019

Mr. Jay Jacobson
Franklin Armory, Inc.
2246 Park Place Ste B
Minden, NV 89423

Dear Mr. Jacobson,

The Firearms Investigation Unit has received your letter asking for an analysis of two firearms your company wishes to sell in New Jersey.

Upon reviewing the information provided, the Firearms Investigation Unit has determined that your firearms appear to fit the category of a shotgun under New Jersey law, specifically, N.J.S.A. 2C:39-1.n., for the following reasons:

- the barrels are not rifled,
- the firearms are designed to fire from the shoulder, and
- the firearms fire a single projectile for each pull of the trigger.

In addition, the Bureau of Alcohol, Tobacco, Firearms and Explosives (BATFE) has designated one of the models as a "short-barreled shotgun" under the Gun Control Act (GCA). Pursuant to 18 U.S.C. 921(6), "[t]he term 'short-barreled shotgun' means a shotgun having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification or otherwise) if such a weapon as modified has an overall length of less than twenty-six inches."

Given this information, and the fact that the firearms exhibit characteristics of shotguns under N.J.S.A. 2C:39-1.n., they do not meet the statutory requirements of legal shotguns in New Jersey for the following reasons:

- Length of barrel is less than eighteen inches
- Magazine capacity greater than 6 rounds




As a shotgun, under N.J.S.A. 2C:39-1.n., a barrel length of less than eighteen inches measured from the breech to the muzzle is considered a "sawed-off shotgun." In addition, under N.J.S.A. 2C:39-1.w.(3), a shotgun with a magazine capacity greater than 6 rounds is considered an assault weapon.

I hope this information is helpful and please be advised this is not intended as legal advice but is offered for informational purposes only. Please consult a licensed attorney in the State of New Jersey for legal advice regarding firearms and firearms sales in New Jersey.

Sincerely,

Lt. Stephen Mazzagatti #5297
Unit Head
Firearms Investigation Unit

# <u>EXHIBIT H</u>



**PISCIOTTI**

**MALSCH**

COUNSELORS & LITIGATORS

NEW JERSEY OFFICE
30 COLUMBIA TPK.
SUITE 205
FLORHAM PARK, NJ 07932
973-245-8100

NEW YORK OFFICE
445 HAMILTON AVE.
SUITE 1102
WHITE PLAINS, NY 10601
914-287-7711

WWW.PMLEGALFIRM.COM

Sender's email: dlallis@pmlegalfirm.com

July 24, 2019

**VIA CERTIFIED MAIL AND**
**NEW JERSEY LAWYERS SERVICE**

State of New Jersey
Tort and Contract Unit
Department of the Treasury, Bureau of Risk Management
P.O. Box 620
Trenton, New Jersey 08625

State of New Jersey
Department of Law and Public Safety
Office of the Attorney General
R.J. Hughes Justice Complex, CN 116
Trenton, New Jersey 08625

> **Re:   Claim of Franklin Armory, Inc.**
> **Notice of Claim Under the New Jersey Tort Claims Act**

To Whom it May Concern:

The following correspondence is sent pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, and more specifically, pursuant to N.J.S.A. 59:8-1.

1.   Claimant

Franklin Armory, Inc.
2246 Park Place, Suite B
Minden, Nevada 89423

Jay Jacobson
President
Franklin Armory, Inc.
c/o PISCIOTTI MALSCH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932

Claim of Franklin Armory, Inc.
July 24, 2019
Page 2

2.   <u>Post Office Address to Which Notices and Correspondence in Connection With This Claim are to be Sent</u>

Danny C. Lallis
PISCIOTTI MALSCH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932
(973) 245-8100
dlallis@pmlegalfirm.com
*Attorneys for Franklin Armory, Inc.*

3.   <u>Date of the Occurrence or Accident</u>

On or about April 26, 2019 and continuing.

4.   <u>Circumstances and Details Regarding the Occurrence or Accident</u>

Franklin Armory, Inc. ("Franklin Armory") is a Nevada corporation that manufactures firearms and firearms parts.  One of the firearms it manufactures is the Reformation®, which the Firearms Technology – Industry Services Branch of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") has repeatedly classified as a firearm that is not regulated under the National Firearms Act.  Franklin Armory intended to begin selling the Reformation® to federally licensed firearms dealers ("FFLs") in New Jersey by the end of April 2019.

After a New Jersey FFL contacted the New Jersey State Police about the legality of selling the Reformation®, Detective J. Hearne advised that the Reformation® "would be eligible for sale" in New Jersey and "currently fits within the laws of the state as legal." Nonetheless, Detective Hearne contacted Franklin Armory to request a formal letter describing the Reformation®.  Franklin Armory complied with this request and advised that it intended to commence distribution to New Jersey FFLs unless it was advised of a relevant state statute or regulation that would prohibit such a sale.

On April 3, 2019, Detective Sergeant First Class ("DSFC") Bloom, Assistant Unit Head for the Firearms Investigation Unit, confirmed via letter that the sale of Reformation® was legal but expressed concern that individual purchasers may be mistakenly prosecuted for possession of an "assault firearm" or "sawed off shotgun." Therefore, DSFC Bloom advised that he had requested a legal opinion from the Office of the Attorney General and instructed Franklin Armory not to sell the Reformation® in New Jersey until receiving a written response.  No legal authority was cited to support either DSFC Bloom's ability to order Franklin Armory to cease sales of the Reformation® or the



Claim of Franklin Armory, Inc.
July 24, 2019
Page 3

need for approval from the Office of the Attorney General before selling firearms in New Jersey.

Despite the lack of legal authority, Franklin Armory agreed to delay sales into New Jersey so that the Office of the Attorney General could provide a written response to DSFC Bloom's request. Having received no response after a period of thirty days, however, Franklin Armory advised of its intent to begin sales on April 29, 2019. DSFC Bloom responded and explained:

> [T]he sale of the firearms in question will not occur in the State until we have heard from our legal counsel. We will advise all licensed retail firearms dealers in the State to suspend any sales of this product, until the Attorney Generals [sic] Office has made a final determination on the legality of the product.

After waiting weeks for a response, Franklin Armory's corporate attorney, Jason Davis, contacted Deputy Attorney General MaryBeth Woods via telephone to discuss the situation. In response, she advised that Franklin Armory would be receiving a letter shortly.

On or about July 17, 2019, Lt. Stephen Mazzagatti of the New Jersey State Police responded in a letter that both contradicted the previous responses from the State Police and misapplied State law. Specifically, Lt. Mazzagatti stated that the firearms have the "characteristics of shotguns" because: (1) the barrels are *not rifled*, (2) the firearms are designed to fire *from the shoulder*; and (3) the firearms fire *a single projectile for each pull of the trigger*. However, Lt. Mazzagatti omitted a requisite element in order for a firearm to be deemed a "shotgun" under 2C:39-1.n," which states:

> "Shotgun" means any [1] firearm designed to be *fired from the shoulder* and [2] *using the energy of the explosive <u>in a fixed shotgun shell</u>* [3] to fire through a *smooth bore* [3] either a number of ball shots or a single projectile for each pull of the trigger, or any firearm designed to be fired from the shoulder which does not fire fixed ammunition.

This contradicted the previous responses from the State Police, which had already determined (citing <u>N.J.S.A.</u> 2C:39-1.w.(3)) that the firearms each have a "barrel length of less than eighteen inches measured from the breech to the muzzle" and do not use the energy of an explosive in a "fixed shotgun shell."

Further, Lt. Mazzagatti's letter went on to state: "[a]s a shotgun, under N.J.S.A. 2C:39-1.n, a barrel length of less than eighteen inches measured from the breech to the muzzle is considered a 'sawed-off shotgun.'" The definition of "sawed-off shotgun,"



Claim of Franklin Armory, Inc.
July 24, 2019
Page 4

however, only applies to "shotguns," and, as discussed above, the Reformation® does not qualify as such.  See N.J.S.A. 2C:39.1.o.  Finally, Lt. Mazzagatti implied that the Reformation® line qualifies as an "assault weapon" under N.J.S.A. 2C:39-1.w(3), which – again – applies only to "shotguns."

To date, no one has cited any *applicable* legal authority demonstrating that sales of the Reformation® would be illegal in New Jersey.  Additionally, on or about April 26, 2019, Franklin Armory was advised by at least one FFL who had contracted to purchase a Reformation® that the New Jersey State Police contacted the store, and the FFL cancelled its order.

This claim arises out of the official misconduct, negligence, recklessness, and/or purposeful, intentional, or callously indifferent conduct of the State of New Jersey, the New Jersey Office of the Attorney General, the New Jersey State Police, DSFC Bloom, Lt. Mazzagatti, and their agents, servants, and/or employees.  Based on the facts recounted above, Franklin Armory contends that these entities and individuals violated (1) the Constitution of the United States, including violating, among others, the Due Process Clause of the Fourteenth Amendment; the Equal Protection Clause; and the Second Amendment, and (2) 42 U.S.C. § 1983.  Moreover, the above-listed entities have committed various torts against Franklin Armory, including, but not limited to, (1) tortious interference with a prospective economic advantage, (2) tortious interference with contract, (3) defamation; (4) defamation per se; (5) civil conspiracy; and (6) negligent hiring, training, or supervision.  Franklin Armory contends that the actions and/or inactions of these entities, as detailed herein, were palpably unreasonable.  Franklin Armory also intends to pursue a declaratory judgment under N.J.S.A. 2A:16-59, seeking a Court Order establishing, among other things, that it is legal to sell the Reformation® in the State of New Jersey and that approval from the Office of the Attorney General is not required prior to selling a lawful firearm in New Jersey.

5.   Name and Address of All Witnesses to the Above Accident or Occurrence

Jay Jacobson
President
Franklin Armory, Inc.
c/o PISCIOTTI MALSCH
30 Columbia Turnpike, Suite 205
Florham Park, New Jersey 07932

Detective J. Hearne #7209
New Jersey State Police
Firearms Investigation Unit
P.O. Box 7068
West Trenton, New Jersey 08628



Claim of Franklin Armory, Inc.
July 24, 2019
Page 5

> DSFC Brett C. Bloom #5239
> Assistant Unit Head
> Firearms Investigation Unit
> State of New Jersey
> Office of the Attorney General
> Department of Law and Public Safety
> Division of State Police
> P.O. Box 7068
> West Trenton, New Jersey 08628

> Lt. Stephen Mazzagatti #5297
> Unit Head
> New Jersey State Police
> Firearms Investigation Unit
> P.O. Box 7068
> West Trenton, New Jersey 08628

Other employees, representatives, and agents of the State of New Jersey, New Jersey State Police, and the Office of the Attorney General.

Owners, principals, employees, representatives, and agents of New Jersey FFLs.

6.    The Names and Addresses of Each State Agency or Agencies and Each State Employee Whom You Claim Caused Your Damages or Injuries

> Lt. Stephen Mazzagatti # #5297
> Unit Head
> New Jersey State Police
> Firearms Investigation Unit
> P.O. Box 7068
> West Trenton, New Jersey 08628

> DSFC Brett C. Bloom #5239
> Assistant Unite Head
> Firearms Investigation Unit
> State of New Jersey
> Office of the Attorney General
> Department of Law and Public Safety
> Division of State Police
> P.O. Box 7068
> West Trenton, New Jersey 08628



Claim of Franklin Armory, Inc.
July 24, 2019
Page 6

Other employees, representatives, and agents of the State of New Jersey New Jersey State Police, and the Office of the Attorney General.  The identities of such persons are not presently known and unavailable to Claimant.

7.    <u>The Name and Address of All Other Persons, Companies, or Governmental Agencies Which You Claim are Responsible for Your Injuries or Damages</u>

None.

8.    <u>Describe the Injuries, Damages, and Losses Incurred</u>

The injuries, damages, and losses suffered were described above.  In general, however, the identified entities and individuals, separately and collectively, have caused damage to Franklin Armory's business, reputation, and marketability of its product by improperly and unreasonably prohibiting FFLs within the State of New Jersey from purchasing and selling a lawful product, suggesting that non-FFL individuals who purchase a lawful product may be subject to prosecution, and otherwise attempting to perpetually prevent the sale of a legal product without legal justification.  Moreover, the above-listed entities have violated the Constitution of the United States and the New Jersey Constitution, without a basis in law, and have prohibited Franklin Armory from selling a lawful product in New Jersey.

9.    <u>Total Amount of the Claim and Basis for the Calculation</u>

Detailed amount of the claimed damages are not known at this time.

10.    <u>Certification</u>

I hereby certify that the foregoing statements made by me are true.  I am aware that if any statement made herein is willfully false or fraudulent, that I am subject to punishment provided by law.

Very truly yours,

PISCIOTTI MALSCH

Danny C. Lallis

cc (via electronic mail):

Jason A. Davis (jason@calgunlawyers.com)
Jay Jacobson (jjacobson@franklinarmory.com)

